UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2018 JUL 19 P 4: 07
U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| IN RE: APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) FOR INFORMATION STORED AT PREMISES CONTROLLED BY MICROSOFT CORPORATION. | Case No. 3:18mj1181(CRMS) <br> July 19, 2018 |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America respectfully submits this *ex parte* application for an order pursuant to 18 U.S.C. § 2703(d). This application includes a request for nondisclosure pursuant to 18 U.S.C. § 2705(b). The proposed order would require Microsoft Corporation ("Microsoft" or the "Provider"), located at One Microsoft Way, Redmond, Washington, to disclose certain records and other information pertaining to the account identifiers described in Part I of Attachment A to the proposed order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed order. In support of this application, the United States asserts:

### Legal Background

1. The Provider is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require the company to disclose the items described in Part II of Attachment A to the proposed order. *See* 18 U.S.C. § 2703(c)(1) and (c)(2).

2. This Court has jurisdiction to issue the proposed order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

1

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

### The Relevant Facts

4. The United States government, including agents of the Federal Bureau of Investigation ("FBI"), are investigating a ransomware variant known as ▓▓▓▓. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 1030 (Fraud and related activity in connection with computers).

5. Ransomware is a form of malicious software designed to block access to a computer system by encrypting some or all of the files on that system. In order to receive the decryption key, the owner must pay a ransom to the individuals behind the ransomware. Instructions for paying the ransom are typically left in the form of a ransom note left on the infected system.

6. When a computer system is infected with ▓▓▓▓, it leaves one or more copies of the following ransom note, in pertinent part, instructing the computer's owner to contact ▓▓▓▓▓▓▓▓▓▓▓▓ in order to make payment and decrypt the owner's files:

▓▓▓▓▓▓▓▓▓▓▓▓



7.      According to publicly available databases, the domain ▓▓▓▓▓▓ was registered on August 11, 2015.

8.      The FBI has received numerous complaints from victims (both individuals and businesses), including at least one victim in Connecticut, whose computers were compromised by ▓▓▓▓. Victims of ▓▓▓▓ have reported communicating with email address

3

▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and receiving responses containing ransom payment instructions (including payment of bitcoins), decrypted file samples, and links to download decryption software. The FBI has continued to receive complaints from victims whose computers were infected as recently as February 2018.

9. In April 2016, a victim company located in the New York City area ("VICTIM A") was infected by the ▓▓▓▓ ransomware. VICTIM A contacted the email address provided in the ransom note, ▓▓▓▓▓▓▓▓▓▓▓▓, and ultimately paid the ransom. VICTIM A's business was shut down for approximately two days as a result of the infection.

10. Following the attack, VICTIM A reviewed log files for its server in which the infection started. VICTIM A identified a Remote Desktop Protocol ("RDP") account on the server which had been accessed by the attacker on April 18, 2016. In reviewing the logs for that RDP account, VICTIM A observed approximately twelve suspicious IP addresses connecting to it between April 17 and April 21.

11. One IP address identified by VICTIM A as being used to connect to the RDP account was IP address ▓▓▓▓.124.68. This IP address was used to log in to the RDP account on April 19, 2016 at approximately 5:51:41 PM ET. The Client Name recorded for this login was "MacBook-Air-▓▓▓." MacBook is a laptop computer sold by Apple Inc. ("Apple").

12. According to the publicly available website centralops.net, the IP address ▓▓▓▓.124.68 is assigned to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Kiev, Ukraine.

13. According to records provided by Apple, from April 16 to April 23, 2016, the IP address ▓▓▓▓.124.68 was used by devices associated with two Apple accounts. Apple identified no other subscribers using that IP address to connect to Apple services during that time period. Subscriber information for the accounts included the following, in part:

4



Account One
First Name: ▮
Last Name: ▮
Email Address: ▮@gmail.com
Address: ▮ Kiev, UKR
Person_id: ▮
Sign-up date: November 5, 2014

Account Two
First Name: ▮
Last Name: ▮
Email Address: ▮@list.ru
Address: ▮ Tampa, FL 33609
Person_id: ▮
Sign-up date: March 4, 2012

14. Account One connected to Apple services from IP address ▮124.68 approximately 65 times between April 16 and April 23, 2016. Account Two connected to Apple services from that same IP address approximately 44 times during that same time period. The Apple records also indicate that a MacBook-Air device is associated with Account Two.

15. According to the publicly available website translate.google.com, "▮▮" translates from Ukrainian to English as "▮."

16. As discussed above, according to VICTIM A's server logs, the Client Name recorded for the login to the RDP account from IP address ▮124.68 was "MacBook-Air-▮." The letters "▮" are the same as the first three letters of the name "▮" or "▮."

17. According to the FBI case agent assigned to this investigation, the address ▮ Tampa, FL is found on several Russian-language websites as part of a tutorial for creating an iTunes account in order to access the United States version of the Apple App Store.

18. Subsequent records provided by Apple indicate the user of Account One downloaded the Microsoft Remote Desktop 8.0 application for Macintosh, which is an application that allows a user to use RDP to remotely connect to another computer through

Microsoft's Remote Desktop Client that exists by default on most computers running Microsoft Windows. The records further indicate that the application was regularly updated from and including April 20, 2016 through and including October 17, 2016.

19. Based on this information, plus the use of the same name and the use of a common IP address, the FBI case agent believes that Account One and Account Two are controlled by the same person ("Suspect-1"), who is the same person that logged into and infected VICTIM A's servers with the ▓▓▓▓ ransomware.

20. Based on the investigation, law enforcement has reason to believe that multiple individuals are involved in these ▓▓▓▓ attacks. Among other things, the ransomware note has multiple references to the pronoun "we", suggesting more than one individual is involved.

### Request for Order

21. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these records will help law enforcement establish whether Suspect-1 and/or other individuals used the Microsoft Remote Desktop application to infect victim computers with the ▓▓▓▓ ransomware and identify other victims who may have been infected. The records being sought include all connection activity for the Microsoft Remote Desktop application downloaded by Suspect-1, including the date, time, source IP address, destination IP address, and other connection activity. These records can then be correlated with the dates/times and IP addresses of known ransomware infections on victim computers and can also be used to identify other victims who may have been victimized.

22. Accordingly, the United States requests that the Provider be directed to produce all items described in Attachment A to the proposed Order.

23. The United States further requests that the Order require the Provider not to notify any person, including the subscribers or customers of the account(s) listed in Attachment A, of the existence of the Order for a period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrants, the subjects under investigation could destroy that evidence, including information saved to their personal computers. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Moreover, the obligation of nondisclosure should terminate in one year rather than a shorter period of time because cyber-related investigations can be prolonged as cyberspace offers suspects numerous opportunities to hide their identity. In addition, the United States has reason to believe that one or more of the targets and additional evidence is located overseas, and the process of identifying targets and obtaining evidence from overseas is a lengthy process that can take significant time.

24. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Date: July 19, 2018

>Respectfully submitted,
>
>JOHN H. DURHAM
>UNITED STATES ATTORNEY
>
>*/s/ Neeraj N. Patel*
>
>NEERAJ N. PATEL
>ASSISTANT U.S. ATTORNEY
>Federal Bar No. phv04499
>157 Church Street, 25th Floor
>New Haven, CT 06510
>Tel.:   (203) 821-3700
>Email: neeraj.patel@usdoj.gov